**Andrew Lee SAMUEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46811.**

Court of Criminal Appeals of Texas.

May 1, 1973.

script, by order of the Judge of the 195th District Court, containing a true and correct copy of said indictment, which supplemental transcript was filed in this Court on March 7, 1973. It is shown therein that the indictment in this cause fully set out the check for $105.35, payable to Andrew L. Samuel, purporting to be signed by Monghon Davis, by its complete tenor.

Therefore, we overrule appellant's ground of error that the indictment was void for failure to set out the check by its tenor.

Appellant came to court on August 18, 1972, with his appointed attorney, and executed a waiver of trial by jury and agreement for the stipulation of evidence and a judicial confession to the offense charged in the indictment, which was approved by his attorney, the district attorney and the judge; waiver of the right to file motion for new trial and of the right of appeal; and an application for probation.

These waivers were reaffirmed before the judge, after the defendant had entered his plea of guilty, and after the judge had fully admonished appellant as to the consequences of his plea in accordance with Art. 26.13, V.A.C.C.P. After the State introduced the judicial confession of appellant, he testified under oath as to his guilty plea because he was guilty and for no other reason.

The court found appellant guilty, assessed his punishment at five (5) years, and he was sentenced to not less than two (2) nor more than five (5) years.

We find no error in the record, and affirm the judgment.

Opinion approved by the Court.

Donald R. Scoggins, Dallas, for appellant.

Henry Wade, Dist. Atty., and John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Conviction on guilty plea before the court of attempting to pass a forged instrument as true, knowing the same to have been forged; the punishment five (5) years.

The indictment contained in the original transcript failed to set out the check which Samuel was alleged to have attempted to pass. This would have rendered it void under Art. 21.11, Vernon's Ann.C.C.P., for failure to give notice of the particular offense which appellant was called upon to defend. However, on February 28, 1973, the clerk of the District Courts of Dallas County certified to a supplemental tran-